IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNILOC 2017 LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1075 (CFC) |
| | ) | |
| ZENPAYROLL, INC., d/b/a/ GUSTO,, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ZENPAYROLL, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendant ZenPayroll, Inc.,
d/b/a Gusto*

OF COUNSEL:

Timothy C. Saulsbury
Vera Ranieri
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
(415) 362-6666

August 6, 2019

## TABLE OF CONTENTS

Page

I.      NATURE AND STAGE OF THE PROCEEDING ............................................................1

II.     SUMMARY OF THE ARGUMENT ...............................................................................1

III.    STATEMENT OF FACTS ............................................................................................2

        A.      The '293 Patent and Uniloc's Infringement Allegations ........................................2

        B.      The '578 Patent and Uniloc's Infringement Allegations ........................................4

IV.     ARGUMENT ...............................................................................................................6

        A.      Uniloc Has Not Alleged Facts to Support a Claim for Direct Infringement
                of the '293 Patent ...............................................................................................7

        B.      Uniloc Has Not Alleged Facts to Support a Claim for Direct Infringement
                of the '578 Patent ...............................................................................................8

        C.      Uniloc Has Not Alleged Facts to Support a Claim for Induced Infringement
                of the '578 Patent ...............................................................................................9

        D.      Uniloc Has Not Alleged Facts to Support a Claim for Contributory
                Infringement of the '578 Patent ..........................................................................10

V.      CONCLUSION ...........................................................................................................13

TABLE OF AUTHORITIES

Pages

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) .........................................................................6

*AgroFresh Inc. v. Essentiv LLC*,
No. 16-662 (MN), 2019 WL 350620 (D. Del. Jan. 29, 2019) ......................9, 10, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................................1, 6

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v.
Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) .....................7, 8, 9

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
No. 15-cv-05469-EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) .............6, 8, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................................................1, 6, 9

*Cipla Ltd. v. Sunovion Pharm. Inc.*,
174 F. Supp. 3d 869 (D. Del. 2016)........................................................................9

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ........12

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)........................................................................10, 11

*Modern Telecom Sys., LLC v. TCL Corp.*,
No. 17-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21, 2017), *Report and
Recommendation adopted*, D.I. 27 (Jan. 9, 2018)....................................................6

*Nexeon Ltd. v. Eaglepicher Techs., LLC*,
No. 15-955-RGA-MPT, 2016 WL 4045474 (D. Del. July 26, 2016), *Report
and Recommendation adopted*, 2016 WL 6093471 (D. Del. Oct. 18, 2016)..........11

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017), *Report and
Recommendation adopted*, D.I. 37 (Jan. 3, 2018)............................................7, 8, 9

*Philips v. ASUSTeK Computer Inc.*,
No. 15-1125-GMS, 2016 WL 6246763 (D. Del. Oct. 25, 2016)...........................11

*Pragmatus AV, LLC v. TangoMe, Inc.*,
    No. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013).............................................10, 11

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
    No. 12-092-RGA, 2012 WL 2700495 (D. Del. July 5, 2012) ................................................11

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
    No. 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016) ...................................................6

**Rules and Statutes**

Fed. R. Civ. P. 8 ....................................................................................................................6

Fed. R. Civ. P. 12 ..................................................................................................................6

## I.     NATURE AND STAGE OF THE PROCEEDING

Uniloc 2017 LLC ("Uniloc") filed this action against ZenPayroll, Inc. d/b/a Gusto ("Gusto") on June 10, 2019, alleging infringement of two patents directed to providing software applications over a network:  (1) U.S. Patent No. 6,324,578 ("the '578 Patent"); and (2) U.S. Patent No. 7,069,293 ("the '293 Patent").  The '578 patent expired in December 2018, before this suit was filed.  Although the claims of the '293 Patent are expressly limited to a specific *multi-server* architecture, requiring the use of *both* a "centralized network management server" and a "target on-demand server," Uniloc's infringement allegations:  (1) do not reference the claimed "centralized network management server"; and (2) identify just a *single*, conventional web server.  Likewise, although the '578 patent expressly requires "installing an application program," "distributing an application program launcher associated with the application program," and "executing the application program," the Complaint contains no factual allegations addressing these elements.  Finally, although Uniloc asserts that Gusto induces and contributes to infringement of the '578 Patent, it fails to plead facts necessary to support these assertions of indirect infringement.

Gusto therefore moves to dismiss the Complaint in its entirety.

## II.    SUMMARY OF THE ARGUMENT

*First*, Uniloc fails to plead facts to support a plausible inference that Gusto infringed the '293 Patent.  The Supreme Court's decisions in *Iqbal* and *Twombly* require that a plaintiff plead facts to support a plausible inference that the defendant has infringed every element of at least one claim of each asserted patent.  By alleging only the use of a single, standard web server—rather than at least the two specific servers claimed—i.e., a "centralized network management server" and a "target on-demand server"—Uniloc fails to meet this burden.

*Second*, Uniloc likewise fails to plead facts to support a plausible inference that Gusto infringed the '578 Patent.  That patent requires both ***installation*** and ***execution*** of an application program.  It further requires distributing to a client "an application launcher program."  But the Complaint does not even attempt to map these elements to the accused Gusto platform.  Indeed, these elements appear just once in the Complaint—in a sentence reciting the elements of claim 1 of the '578 patent.

*Third*, Uniloc's allegations of induced infringement of the '578 patent likewise fail to allege facts supporting an inference of underlying direct infringement.

*Fourth*, Uniloc's allegations of contributory infringement of the '578 patent fail to meet the applicable pleadings standards because the Complaint is devoid of factual allegations: (1) that the accused Gusto platform has no substantial noninfringing use; and (2) supporting an inference of underlying direct infringement.

## III.   STATEMENT OF FACTS

### A.      The '293 Patent and Uniloc's Infringement Allegations

The '293 Patent is directed to a specific architecture for distributing application programs over a network to an end user's client device, which makes use of at least two servers:  (1) a "centralized network management server"; and (2) a "target on-demand server."  *See, e.g.*, '293 Patent, claim 1, D.I. 1-2.  Claim 1, which is the only claim addressed in the Complaint, is exemplary and recites:

> A method for distribution of application programs to ***a target on-demand server*** on a network comprising the following executed on ***a centralized network management server*** coupled to the network:
>
>> providing an application program to be distributed to ***the network management server***;
>>
>> specifying a source directory and a target directory for distribution of the application program;

> preparing a file packet associated with the application program and
> including a segment configured to initiate registration operations for the
> application program *at the target on-demand server*; and
>
> distributing the file packet to *the target on-demand server* to make the
> application program available for use by a user at a client.

*Id.*[1]   The entirety of Uniloc's factual allegations in support of its assertion of claim 1 is three

sentences—the last of which merely asserts in conclusory fashion that Gusto infringes, and

recites elements of the claims without identifying any Gusto instrumentalities that purportedly

satisfy those claim elements:

> 21.   The following image shows that Gusto has used and/or uses on-demand
> servers to distribute its applications to users over the Internet:



> 22.   When the user requests an application, the server sends the application that
> has been registered at the server from a source directory at the server to the target
> directory in the user's computer (or other device) for display on the user's
> computer:

---

[1]   Internal quotation marks and alterations omitted, and emphasis supplied, unless otherwise
noted.



23.   Gusto has infringed, and continues to infringe, at least claim 1 of the '293 Patent by making, using, offering for sale and/or selling the Gusto platform, which software and associated architecture allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration operations for the application program at a target on-demand server and, distributing the file packet to the target on-demand server to make the program available for use by a client user.

Compl. ¶¶ 21-23, D.I. 1.   Although claim 1 expressly requires the use of two separate and

specific servers—a "target on-demand server" and "a centralized network management server,"

nowhere does the Complaint allege that Gusto uses the latter of these two servers.   Indeed, the

term "centralized network management server" appears nowhere in the Complaint.

## B.      The '578 Patent and Uniloc's Infringement Allegations

The '578 Patent is directed to a particular way of distributing an application program with

configurable preferences over a network.   *See, e.g.*, '578 Patent, Claim 1, D.I. 1-1.   Claim 1,

which is the only claim addressed in the Complaint, is exemplary and recites:

> A method for management of configurable application programs on a network comprising the steps of:
>
>> installing an application program having a plurality of configurable preferences and a plurality of authorized users on a server coupled to the network;
>>
>> distributing an application launcher program associated with the application program to a client coupled to the network;
>>
>> obtaining a user set of the plurality of configurable preferences associated with one of the plurality of authorized users executing the application launcher program;
>>
>> obtaining an administrator set of the plurality of configurable preferences from an administrator; and
>>
>> executing the application program using the obtained user set and the obtained administrator set of the plurality of configurable preferences responsive to a request from the one of the plurality of authorized users.

*Id*. Significantly, the claim expressly requires the steps of "***installing*** an application program . . . ***on a sever***" and separately "distributing an application ***launcher program*** associated with the application program ***to a client***." *Id.*

The Complaint contains no factual allegations addressing how either of these steps purportedly is infringed by the accused Gusto platform. Uniloc does not allege that Gusto (or anyone else) installs ***any*** application program on a server. *See* Compl., D.I. 1. Nor does Uniloc allege facts supporting an inference that Gusto (or anyone else) ***distributes*** the separately-claimed "application launcher program" to a client.

Uniloc's claim for induced infringement is premised on alleged direct infringement by Gusto's customers, but similarly fails to allege facts supporting a plausible inference that those customers perform every step of at least on claim. *Id*.

With respect to contributory infringement, and setting aside its allegations relating to knowledge of the '578 Patent (which Gusto does not challenge here) Uniloc's contributory

infringement allegations amount to a bare recitation of the legal standard, with no supporting factual allegations:

> Gusto . . . contribut[ed] to the infringement by others, including customers using the Gusto platform, by offering to sell, selling, or otherwise commercially offering use of the platform, which was used to infringe the '578 patent and constituted a material part of the invention.  Gusto knew portions of the software contained in the accused platform were written solely to implement what Gusto knew was infringement of the '578 patent.  Gusto knew those portions had no use, other than for infringement.

Compl. ¶ 15.  And, although Uniloc suggests that Gusto's customers are underlying direct infringers, it fails to allege facts supporting a plausible inference that those customers perform every step of at least on claim.  Compl., D.I. 1.

## IV.    ARGUMENT

A complaint "must plead enough factual matter that, when taken as true, states a claim to relief that is plausible on its face." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "Th[is] plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under this standard, a plaintiff must adequately plead—with facts—infringement of at least one patent claim. *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-05469-EDL, 2016 WL 1719545, at *5 (N.D. Cal. Mar. 9, 2016) ("*PGE*"); *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (finding that complaint failed to state a claim for direct patent infringement after conducting a limitation-by-limitation analysis, comparing the asserted claim to the factual allegations in the complaint); *Modern Telecom Sys., LLC v. TCL Corp.*, No. 17-583-LPS-CJB, 2017 WL 6524526, at *2 (D. Del. Dec. 21, 2017), *Report and Recommendation adopted*, D.I. 27 (Jan. 9, 2018) (holding that, to satisfy Federal Rules of Civil Procedure 8 and 12(b)(6), the complaint must allege which parts of the accused

product infringe the patent and how they do so).  "Because the failure to practice even a single element is all that separates innovation from infringement, there is always an obvious alternative explanation where a plaintiff does not allege facts about each element . . . ."  *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) (internal citation omitted). Accordingly, "factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement" and thus require dismissal.  *Id.*; *North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017), *Report and Recommendation adopted*, D.I. 37 (Jan. 3, 2018) ("In order to adequately allege direct infringement here, Plaintiff needs to have pleaded facts that plausibly indicate that Defendant's accused products practice each of the limitations found in the . . . asserted claims."). Uniloc's allegations fail to satisfy these standards.

###    A.    Uniloc Has Not Alleged Facts to Support a Claim for Direct Infringement of the '293 Patent

Every claim of the '293 Patent—including the only claim Uniloc mentions in the Complaint (i.e., claim 1)—expressly requires a "centralized network management server."  '293 Patent, claim 1.  Uniloc, however, does not even attempt to allege that Gusto makes use of such a server—and, indeed, a "centralized network management server" is referenced nowhere in the Complaint (much less in connection with a plausible allegation that a specific instrumentality in Gusto's accused system purportedly meets this limitation).[2]  This failure to even attempt to

---

[2]    Indeed, although claim 1 expressly requires *two* different types of servers—"a centralized network management server" and "target on-demand server," the Complaint identifies just *a single* Gusto server.  Compl. ¶ 21.  To put it simply, one server is not two servers.

address how this limitation purportedly is met by Gusto's accused system requires dismissal of Uniloc's '293 Patent infringement claims.  *See PGE*, 2016 WL 1719545, at *4 ("Because the complaint entirely fails to address this necessary element of claim 1, the claim fails as pled."); *Exelon*, 189 F. Supp. 3d at 775 (dismissing complaint with prejudice because plaintiff failed to allege factual allegations supporting an inference that every claim limitation was infringed); *North Star Innovations*, 2017 WL 5501489, at *2-3 (dismissing claim for failure to plead facts supporting a plausible inference that "timing circuit" and "clock free latch" limitations were met by the accused products).[3]

**B.     Uniloc Has Not Alleged Facts to Support a Claim for Direct Infringement of the '578 Patent**

Uniloc does not allege facts supporting any plausible inference that there is direct infringement of the '578 patent.

Claim 1, the only claim identified by Uniloc in its Complaint, *see* Compl. ¶ 13, D.I. 1, requires "***installing*** an application program . . . ***on a server***" and separately "distributing an application ***launcher program*** associated with the application program ***to a client***."  '578 patent claim 1, D.I. 1-1.

Uniloc has not identified any act that constitutes "installing an application program . . . on a server," nor has Uniloc identified any act that constitutes "distributing an application launcher program. . . ."  Indeed, the only place in which these limitations appear in the Complaint are in a paragraph reciting all of the steps of claim 1 and asserting, in conclusory fashion, that the

---

[3]   Significantly, this is not a trivial claim limitation or a trivial omission in Uniloc's infringement allegations.  To the contrary, the "centralized network management server" is critical to claim 1.  Indeed, claim 1 recites that its method is "executed on a centralized network management server,"—in other words, it requires that the steps claimed be performed by software on a "centralized network management server."  *See* '293 Patent, Claim 1.  But, in addition to its failure to identify such "a ***centralized network management*** server," Uniloc points to ***no*** server that performs all of the recited steps.

"software and associated architecture" of Gusto's platform "allows" for those steps.  *See* Compl. ¶ 13.  This threadbare recitation of the elements of claim 1—that fails to even identify what in Gusto's platform purportedly satisfy the claimed "application program" and "launcher program" elements—coupled with a bare assertion that the accused platform "allows" for the claimed steps is insufficient under *Twombly*.  *See PGE*, 2016 WL 1719545, at *4 ("[S]imply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient").  As such, Uniloc's allegations of direct infringement should be dismissed.  *See id.*; *Exelon*, 189 F. Supp. 3d at 775; *North Star Innovations*, 2017 WL 5501489, at *2-3.

### C.    Uniloc Has Not Alleged Facts to Support a Claim for Induced Infringement of the '578 Patent

"In order to state a claim for induced infringement, a plaintiff must allege facts showing that: (1) the plaintiff's patent is directly infringed, (2) the defendant induced that infringement." *Cipla Ltd. v. Sunovion Pharm. Inc.*, 174 F. Supp. 3d 869, 872 (D. Del. 2016).  A plaintiff "must . . . plead facts that support an inference that an underlying act of direct infringement has occurred."  *AgroFresh Inc. v. Essentiv LLC*, No. 16-662 (MN), 2019 WL 350620, at *2 (D. Del. Jan. 29, 2019).

Uniloc does not make any factual allegations directed specifically to infringement by Gusto's customers.  Instead, it simply references its direct infringement allegations against Gusto and asserts in conclusory fashion that "customers who used the platform in accordance with Gusto's instructions infringed the '578 Patent as described above."  At the outset, Uniloc's attempt to allege direct infringement by customers solely by reference to allegations regarding *Gusto's* alleged direct infringement fails because Uniloc's direct infringement allegations against

9

Gusto are deficient, as detailed above.  In any event, they cannot show that Gusto's ***customers*** practice every step of at least one claim.  As just one example, claim 1 requires "***installing*** an application program . . . ***on a server***."  But Uniloc alleges no facts supporting an inference that Gusto's ***customers*** install ***any*** application program, much less that they have the ability to (and do) install an application program on Gusto's ***server***.  Uniloc's failure to allege facts supporting an inference that Gusto's customers perform every step of at least one claim is fatal to its claim on induced infringement.  *See AgroFresh Inc.*, 2019 WL 350620, at *2.

> ### D.   Uniloc Has Not Alleged Facts to Support a Claim for Contributory Infringement of the '578 Patent

"To state a claim for contributory infringement, . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."  *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).  "[A] substantial non-infringing use is any use that is not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental."  *Id.*  Moreover, a plaintiff must plead facts to show that the defendant knew that the product it offered was "especially made or especially adapted" for infringement and have "no substantial non-infringing use."  *See Pragmatus AV, LLC v. TangoMe, Inc.*, No. 11-1092-LPS, 2013 WL 571798, at *13 (D. Del. Feb. 13, 2013) ("*TangoMe*").

Uniloc does not allege facts supporting any plausible inference that the components sold or offered for sale by Gusto have no substantial noninfringing uses.  Indeed, the entirety of Uniloc's allegations concerning substantial noninfringing uses consists of the conclusory assertion that "Gusto knew portions of the software contained in the accused platform were written solely to implement what Gusto knew was infringement of the '578 patent.  Gusto knew those portions had no use, other than for infringement."  Compl. ¶ 15.

10

This bare assertion fails on multiple levels.

*First*, it amounts to nothing more than a bare recitation of the legal standard for no substantial noninfringing use—and even then is deficient because it does not allege that there is no substantial non-infringing use of the accused software.  Such rote recitation of the element of a claim, with no supporting factual allegations, is deficient as a matter of law.  *See Philips v. ASUSTeK Computer Inc.*, No. 15-1125-GMS, 2016 WL 6246763, at *4 (D. Del. Oct. 25, 2016) (dismissing contributory infringement claims where "no facts support[ed] the inference that the Accused Functionalities have no substantial non-infringing use" beyond plaintiff's conclusory assertions); *Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-092-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (same).

*Second*, Uniloc's allegation appears on its face to admit that Gusto's product includes other "portions" that are "contained in the accused platform."  Uniloc's allegation is nothing more than an allegation that "the infringing use has no other use than the infringing use."  But the fact that portions of the allegedly infringing ***product*** do have other uses demonstrates that there are substantial noninfringing uses.  *See In re Bill of Lading*, 681 F.3d at 1338 ("Where the product is equally capable of, and interchangeably capable of, both infringing and substantial noninfringing uses, a claim for contributory infringement does not lie."); *Nexeon Ltd. v. Eaglepicher Techs., LLC*, No. 15-955-RGA-MPT, 2016 WL 4045474, at *7 (D. Del. July 26, 2016), *Report and Recommendation adopted*, 2016 WL 6093471 (D. Del. Oct. 18, 2016) (dismissing contributory infringement claim where plaintiff did not plead facts showing "lack of substantial non-infringing uses"); *TangoMe*, 2013 WL 571798, at *13 ("The mere allegation that [plaintiff's] video conference services and products may be used to infringe is not sufficient to

11

allow a reasonable inference that, *inter alia*, these services and products have **no** substantial noninfringing uses.") (emphasis in original).

*Third*, and in any event, Uniloc fails to identify what "portion" is allegedly the component that has no noninfringing uses or what aspect of Gusto's systems constitute a material part of the invention or especially adapted for infringement.  Without that identification, Uniloc has provided no factual basis for its claim.  *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *5 (E.D. Tex. Aug. 14, 2015).

*Fourth*, as with its inducement allegations, Uniloc fails to plead sufficient facts to allege any underlying act of direct infringement.  As with its claims relating to inducement, Uniloc again only asserts in conclusory fashion that "Gusto's customers who used the platform in accordance with Gusto's instructions infringed the '578 Patent, as described above."  Compl. ¶ 14, D.I. 1.  But Uniloc fails to explain how these allegations support an allegation that Gusto contributed to the infringement *of others*.  Again, Uniloc alleges no facts supporting an inference that Gusto's **customers** install **any** application program on a **server**, as required by claim 1. Uniloc's failure to allege facts supporting an inference that Gusto's customers perform every step of at least one claim is fatal to its claim for contributory infringement.  *See AgroFresh, Inc.*, 2019 WL 350620, at *2, *4 (noting that "a claim for contributory infringement must also include facts that support an inference that an underlying act of direct infringement has occurred" and dismissing the complaint because "of the lack of sufficient allegations of direct infringement").

Each of these failures requires dismissal of Uniloc's claim for contributory infringement of the '578 Patent.

## V.     CONCLUSION

Uniloc fails to adequately plead infringement of the '293 and '578 Patents, and its Complaint should be dismissed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

OF COUNSEL:

Timothy C. Saulsbury
Vera Ranieri
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
(415) 362-6666

*Attorneys for Defendant ZenPayroll, Inc.,
d/b/a Gusto*

August 6, 2019

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on August 6, 2019, upon the following in the manner indicated:

Sean T. O'Kelly, Esquire                                    *BY ELECTRONIC MAIL*
O'KELLY ERNST & JOYCE, LLC
901 North Market Street, Suite 1000
Wilmington, DE  19801
*Attorneys for Plaintiff*

Paul J. Hayes, Esquire                                      *BY ELECTRONIC MAIL*
James J. Foster, Esquire
Kevin Gannon, Esquire
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA  02110
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)