**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNILOC 2017 LLC, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 19-1075-CFC-SRF |
| ZENPAYROLL, INC., d/b/a GUSTO, | ) |
|       Defendant. | ) |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Presently before the court in this patent infringement action is defendant ZenPayroll, Inc. d/b/a Gusto's ("Gusto") partial[1] motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 16) For the reasons that follow, I recommend that the court GRANT Gusto's motion.

## II. BACKGROUND[2]

On June 10, 2019, plaintiff Uniloc 2017 LLC ("Uniloc") originally filed this action alleging that Gusto infringed two patents, United States Patent Numbers 7,069,293 ("the '293 patent") and 6,324,578 ("the '578 patent") (collectively, the "patents-in-suit"). (D.I. 1 at ¶¶ 4–26) Gusto moved to dismiss Uniloc's complaint on August 6, 2019. (D.I. 9) In response, Uniloc filed an amended complaint on August 20, 2019. (D.I. 14) Gusto filed the pending

---

[1] Gusto did not move to dismiss Uniloc's direct and induced infringement claims related to the '578 patent. (D.I. 14 at ¶¶ 7–8; D.I. 17 at 1)
[2] The facts in this section are based upon allegations in the complaint, which the court accepts as true for the purposes of the present motion to dismiss. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

motion to partially[3] dismiss the amended complaint on September 3, 2019, which has been fully briefed.[4] (D.I. 16)

Uniloc owns the patents-in-suit by assignment, which "relate[] to network management in general and in particular to application program management on a computer network." (D.I. 14 at ¶¶ 5, 14; '293 patent, col. 1: 24–25; '578 patent, col. 1:22–24) "Gusto maintained a network of high-security, access-controlled data centers," which "hosted a platform" where Gusto "provided products and services such as Payroll, Health Benefits, and Human Resources services." (*Id.* at ¶ 6) Gusto's products and services make up the "Gusto platform." (*Id.*) Uniloc alleges that the "Gusto platform" infringes the patents-in-suit. (*Id.* at ¶¶ 7, 15)

## III.   LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all well pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs. Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); s*ee also Ashcroft*

---

[3] Gusto moves to dismiss Uniloc's claims of direct infringement of the '293 patent and contributory infringement of the '578 patent. (D.I. 17 at 1)

[4] The briefing for the present motion is as follows: defendant's opening brief (D.I. 17), plaintiff's answering brief (D.I. 18), and defendant's reply brief (D.I. 20).

*v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.  DISCUSSION

### a.  Direct Infringement of the '293 Patent

As a preliminary matter, the parties disagree about whether, in accordance with *Twombly* and *Iqbal*, a complaint must contain factual allegations giving rise to an inference that the accused product infringes every element of at least one patent claim to survive a Rule 12(b)(6) challenge. (D.I. 17 at 5–6; D.I. 18 at 4) First, Uniloc argues it is not required to present an element-by-element infringement analysis in a complaint because neither *Twombly* nor *Iqbal* was a patent case. (D.I. 18 at 3) However, "[i]t is now well established that both direct and indirect infringement claims are subject to the Twombly/Iqbal standard." *Shire ViroPharma Inc. v. CSL Behring LLC*, C.A. No. 17-414-MSG, 2019 WL 3546692, at *3 (D. Del. Aug. 5, 2019) (citing *IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, C.A. No. 16-134-GMS, 2017 WL 1312942, at *2 (D. Del. Apr. 5, 2017)). Therefore, to survive a 12(b)(6) motion, a complaint alleging direct

3

infringement must contain facts plausibly indicating that a defendant's accused product practices each limitation of the asserted patent because "if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent)." *N. Star Innovations, Inc. v. Micron Tech., Inc.*, Civil Action No. 17–506–LPS–CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017).

Second, Uniloc cites *Nalco Company v. Chem-Mod*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) and *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1335 (Fed. Cir. 2012) ("*In re Bill of Lading*") to argue that it is not required to prove infringement of every element in at least one patent claim to survive a Rule 12(b)(6) motion to dismiss.  (D.I. 18 at 3–4)  *Nalco* clarified if and how "the abrogation of Form 18 from the Federal Rules of Civil Procedure in 2015 affected the requirements for pleading direct infringement (as set forth in *Bill of Lading* in 2012)."  *Boston Fog, LLC v. Ryobi Tech., Inc.*, C.A. No. 19-2310-LPS-JLH, 2020 WL 1532372, at *2 n.1 (D. Del. Mar. 31, 2020).  *Nalco* reaffirmed that "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met" and that a patent infringement plaintiff need not "prove its case at the pleading stage." *Nalco*, 883 F.3d at 1350 (quoting *In re Bill of Lading*, 681 F.3d at 1335, 1339).  However, in *Nalco*, the defendants did not "not seem to challenge that [the plaintiff] met the notice requirement of FRCP Rule 8 or the pleading standard required under *Twombly* and *Iqbal*." *Id.* at 1347.  The defendants argued instead that the plaintiff's "infringement claims simply [were] not plausible because 'a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims.'" *Id.* at 1347–48 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).

4

Consistent with *Nalco*, courts in this district consistently hold that a patent infringement plaintiff "need not prove its case at the pleading stage" and that "[t]he complaint need only 'place the potential infringer on notice of what activity is being accused of infringement.'" *Super Interconnect Techs. LLC v. Sony Corp.*, C.A. No. 18-1737-CFC, 2019 WL 4722677, at *1 (D. Del. Sept. 26, 2019) (quoting *Nalco*, 883 F.3d at 1350)); *see also CAP-XX, Ltd. v. Maxwell Techs., Inc.*, C.A. No. 19-1733-CFC, 2020 WL 2914497, at *2 (D. Del. June 3, 2020) (quoting *Nalco*, 883 F.3d at 1350). However, courts in this district also require plaintiffs making direct infringement claims to plead facts "that plausibly indicate that the accused products contain each of the limitations found in the claim." *CAP-XX*, 2020 WL 2914497, at *2; *Super Interconnect*, 2019 WL 4722677, at *1.

Thus, Uniloc is not required to "plead facts establishing that each element of an asserted claim is met" or "prove its case," *Nalco* 883 F.3d at 1350, nonetheless, Uniloc must plead facts "that plausibly indicate that the accused products contain each of the limitations found in the claim." *Boston Sci. Corp. v. Nevro Corp.*, C.A. No. 18-0644-CFC, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (quoting *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, C.A. No. 17-695-LPS, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018)). The factual allegations in "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco*, 883 F.3d at 1350 (internal quotations, alterations, and citations omitted). "To provide notice, a plaintiff must generally do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Boston Sci.*, 415 F. Supp. 3d at 489 (emphasis in original) (citing *SIPCO, LLC v. Streetline, Inc.*, C.A. No. 16-830-RGA, 230 F. Supp. 3d 351, 353 (D. Del. 2017)).

5

Uniloc alleges that "Gusto has infringed, and continues to infringe, claims of the '293 Patent by making, using, offering for sale, and selling the Gusto platform, as further detailed in the attached Exhibit D."  (D.I. 14 at ¶ 15)  To support its direct infringement claim, Uniloc attached infringement charts to the amended complaint.  (*Id.*, Ex. D)  Gusto argues that neither the amended complaint nor the infringement charts attached thereto allege facts permitting a plausible inference that Gusto's accused software distribution platform "specifies a source directory and a target directory for distribution of the application program" or prepares a file packet that includes "a segment configured to initiate registration operations."[5]  (D.I. 17 at 2–3)  Claim 1 of the '293 patent states:

> 1. A method for distribution of application programs to a target on-demand server on a network comprising the following executed on a centralized network management server coupled to the network:
>
> providing an application program to be distributed to the network management server;
>
> specifying a source directory and a target directory for distribution of the application program;
>
> preparing a file packet associated with the application program and including a segment configured to initiate registration operations for the application program at the target on-demand server; and
>
> distributing the file packet to the target on-demand server to make the application program available for use by a user at a client.

('293 patent, col. 21:21–37)

For the second step of claim 1, Uniloc alleges: "Gusto practices a method that specifies a source directory and a target directory for distribution of the application program.  A source

---

[5] Gusto argues, and Uniloc does not dispute, that claim 1 is exemplary of each independent claim in issue.  (D.I. 17 at 2)  The claim elements in the second and third steps of claim 1 of the '293 patent are representative of the limitations in claims 12 and 17, the other independent claims of the '293 patent.  ('293 patent, col. 21:28–34; col. 22:24–30; col. 23:1–8)

6

directory and a target directory are specified to distribute and locate the Gusto web based application program." (D.I. 14, Ex. D at 6) Uniloc's allegation parrots the language of the claim without any factual support. *See DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*, C.A. No. 19-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020); *N. Star Innovations*, 2017 WL 5501489, at *2.

Similarly, for the third step of claim 1, Uniloc alleges that "Gusto practices a method that prepares a file packet associated with the application program and includes a segment configured to initiate registration operations for the application program at the target on-demand server." (D.I. 14, Ex. D at 6) Again, Uniloc's allegation repeats the claim language without explaining how Gusto's product infringes. *See DIFF Scale*, 2020 WL 2220031, at *2. Uniloc further avers general functionality as follows:

> The Gusto central server provides the 'app.gusto.com' web application program, which includes a registration segment, to the target on-demand servers (e.g., "Nginx' servers). The application program is transmitted from the origin (centralized network management) server to the 'Nginx' servers in the form of application content type packets. Further, the application program may be configured (registered) at the on-demand servers to make it available for use at the clients.

(D.I. 14, Ex. D at 6) Gusto argues that this allegation fails because it does not allege what aspect of Gusto's program constitutes a "registration segment" or how registration operations are initiated. (D.I. 17 at 6) Gusto argues that Uniloc's failure to plead how these claims are infringed is significant because Uniloc argued in a prior case[6] that the use of a file packet to

---

[6] *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 896–98 (Fed. Cir. 2019) (The Federal Circuit ruled that the claims in the '293 patent were not directed to an abstract idea under 35 U.S.C. § 101, agreeing with Uniloc that "the goal of the claims is functional: to allow centralized distribution of software" and noting that "the patent claims a particular improvement in how this is done—i.e. by use of a file packet to enable the further functionality of initiating on-demand registration of the application. This is the clear 'focus' of the claims and the asserted advance described in the specification.").

enable the functionality of initiating on-demand registration of the application was the "focus" of the '293 patent's improvement in the centralized distribution of software. (*Id.* at 6–7)

In response, Uniloc pastes a verbatim copy of the infringement chart from the amended complaint in its brief and concludes that the details in the chart satisfy notice pleading requirements. (D.I. 18 at 6–10) Uniloc also cites language that appeared in its original complaint but does not appear in the amended complaint to argue that the amended complaint clearly articulates Uniloc's infringement theory.[7] (*Id.* at 9) However, the material that Uniloc refers to recites patent claim language and concludes that Gusto infringes without showing how Gusto plausibly infringes by pleading facts connecting the Gusto platform to claim 1 of the '293 patent. *See Boston Sci.*, 415 F. Supp. 3d at 489–90.

Uniloc also argues that it has provided more detail here than this court found sufficient in *Mod Stack LLC v. Aculab, Inc.*, C.A. No. 18-332-CFC, 2019 WL 3532185 (D. Del. Aug. 2, 2019) and that the Federal Circuit found sufficient in *Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018). (D.I. 18 at 4–5) In *Mod Stack*, the plaintiff identified the alleged infringing product, identified the asserted claim, and provided examples of how the product met

---

[7] Uniloc's answering brief cites "paragraph 23 of the Amended Complaint." (D.I. 18 at 9) However, the amended complaint does not have a paragraph 23; paragraph 18 is the final numbered paragraph of the amended complaint. (D.I. 14) Uniloc's brief quotes the following language:

> the Gusto platform, which software and associated architecture allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration operations for the application program at a target on-demand server and, distributing the file packet to the target on-demand server to make the program available for use by a client user.

(*Id.*) This language appears in Uniloc's original complaint but is missing from Uniloc's amended complaint. (D.I. 1 at ¶ 23; D.I. 14)

the elements of the asserted claim. *See Mod Stack*, 2019 WL 3532185, at *4 (denying a Rule 12(b)(6) motion to dismiss). By contrast, Uniloc did not provide examples or otherwise explain how Gusto's platform meets the elements of the asserted claim.[8]

In *Nalco*, the Federal Circuit acknowledged that no dispute existed about whether the complaint at issue "met the notice requirement of FRCP Rule 8 or the pleading standard required under *Twombly* and *Iqbal*." *Nalco*, 883 F.3d at 1347. The court characterized the defendant's arguments as "classic *Markman* arguments" and reversed the district court's dismissal of the complaint because the district court failed to construe the complaint's allegations as true. *Id.* at 1349–50. Here, Gusto is not arguing, as the defendants in *Nalco* did, that the amended complaint fails to state a claim because Uniloc pleaded "itself out of court by pleading facts that establish an impenetrable defense to its claims." *Id.* at 1347–48 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)). Gusto's arguments for dismissal do not require this court to construe patent terms or resolve factual issues. Therefore, Uniloc's attempt to compare the sufficiency of its pleading to the facts of *Nalco* fails.

Here, the amended complaint parrots the language of claim 1 of the '293 patent, and the incorporated claim charts do not plausibly demonstrate how Gusto infringes the '293 patent. *DIFF Scale*, 2020 WL 2220031, at *2. Therefore, I recommend that the court grant Gusto's motion to dismiss Uniloc's claim of direct infringement of the '293 patent.

---

[8] Uniloc states that it "will be able to identify the accused code with more specificity" after it "has inspected Gusto's source code." (D.I. 18 at 9 n.2) Permitting discovery to enable Uniloc to cure its pleading deficiencies would be improper. *See VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.").

### b. Contributory Infringement of the '578 Patent

A party is liable for contributory infringement when they sell "a component of a patented . . . combination . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1381 (Fed. Cir. 2017) (quoting 35 U.S.C. § 271 (c)). To state a claim for contributory infringement, a plaintiff "must plausibly allege that the accused infringer knew of the asserted patents and must plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (internal citations and quotations omitted). "[A] substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327–29 (Fed. Cir. 2009)).

Gusto makes three arguments in favor of dismissing Uniloc's contributory infringement claim. (D.I. 17 at 7–9)  First, Gusto argues the complaint fails to state a contributory infringement claim because it merely recites the legal standard required to bring such a claim without factual support. (*Id.* at 7–8)  To make a contributory infringement claim, Uniloc must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."[9]  *Philips v. ASUSTeK Comput. Inc.*, C.A. No. 15-1125-GMS, 2016 WL 6246763, at *4 (D. Del. Oct. 25, 2016) (quoting *In re Bill of Lading*, 681 F.3d at

---

[9] Uniloc must also plead Gusto's knowledge of the asserted patent and of the infringing activity to assert a contributory infringement claim. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1381 (Fed. Cir. 2017).  For purposes of the pending motion, Gusto does not dispute that Uniloc adequately alleged Gusto's prior knowledge of the '578 patent in paragraph 10 of the amended complaint. (*See* D.I. 17; D.I. 18 at 11; D.I. 20)

10

1337). In *Philips*, the court dismissed a contributory infringement claim based on the plaintiff's conclusive assertion that "the only use for the Accused Functionality is infringing the patent and that the Defendants know this." *Id.* (internal quotations omitted). The court dismissed the claim because the plaintiff failed to plead "facts supporting the inference" that the accused products had no substantial non-infringing uses. *Id.* Like *Philips*, Uniloc alleges that (1) portions of the Gusto platform "were written solely to implement the steps" of the '578 patent's method, (2) Gusto knew these portions of software infringed the '578 patent, and (3) Gusto knew those portions had no substantial non-infringing uses. (D.I. 14 at ¶ 9) Uniloc's allegations amount to conclusory allegations of contributory infringement without providing any factual information permitting the court to draw such an inference. *See, e.g.*, *Philips*, 2016 WL 6246763, at *4; *see also AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN-SRF, 2018 WL 6974947, at *6 (D. Del. Dec. 27, 2018) ("Courts within this district have held that reciting [the no substantial non-infringing use] element of the cause of action, without more, is not sufficient to survive a motion to dismiss under Rule 12(b)(6).").

Second, Gusto argues Uniloc's allegations establish that Gusto's products have a substantial noninfringing use. (D.I. 17 at 8–9) "Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading*, 681 F.3d at 1338. Uniloc attached an infringement chart to the complaint related to the '578 patent. (D.I. 14, Ex. C) Uniloc's chart includes a screen shot of the Gusto platform's "Sign In" page. (D.I. 14, Ex. C at 8–9) Uniloc alleges "the "Sign In" button and associated code" infringe on the "application launcher

11

program" limitation described in the '578 patent.[10] (*Id.*) However, the same screen shot shows an alternative route for a Gusto platform user to sign in. (*Id.*) Instead of clicking "Sign In," the screen shot shows a user could click "Sign in with a third party service." (*Id.*) The alternative sign in option, which is clear from the face of the infringement chart, shows that the Gusto platform "do[es] not need to be used to practice the patented method." *See In re Bill of Lading*, 681 F.3d at 1338 (concluding "the amended complaints actually ma[de] clear on their face that [the defendants'] products *do* have substantial non-infringing uses") (emphasis in original).

Third, Gusto argues the amended complaint fails to identify what portion of Gusto's system has no noninfringing use or constitutes a material part of the invention or is especially adapted for infringement. (D.I. 17 at 9; D.I. 20 at 6–8) In response, Uniloc argues the amended complaint and the infringement charts attached thereto identify the general functionality of the '578 patent and provide allegations setting forth infringement. (D.I. 18 at 12–13) Uniloc's response fails to meet Gusto's argument or the authorities Gusto relies on for support. *See, e.g.*, *Ricoh Co., Ltd. v. Quanta Comput., Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008) (preventing a defendant from "escap[ing] liability as a contributory infringer merely by embedding that microcontroller in a larger product with some additional, separable feature before importing and selling it"); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (hypothesizing that five features "separately and distinctly patented using a method claim" do not avoid infringement because "the entire software program is capable of substantial noninfringing use"); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2010) ("As we explained in *Lucent*, a particular tool within a larger software package may be the relevant

---

[10] The relevant limitation states: "distributing an application launcher program associated with the application program to a client coupled to the network." ('578 patent, col. 15:1–3)

'material or apparatus' when that tool is a separate and distinct feature."); *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1330–31 (Fed. Cir. 2010) (treating "'separate and distinct' features . . . separately in analyzing contributory infringement"). The amended complaint and affiliated infringement charts refer to the Gusto platform as a whole without identifying how any component part of the Gusto platform has "no substantial non-infringing uses." *See Artrip*, 735 F. App'x at 713. Therefore, the court recommends granting Gusto's motion to dismiss Uniloc's contributory infringement claim.

## V. CONCLUSION

For the foregoing reasons, the court recommends granting the Gusto's motion to dismiss without prejudice.[11] (C.A. No. 19-1075, D.I. 16)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

---

[11] Uniloc requests permission in its answering brief to further amend its pleading. (D.I. 18 at 1)

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 23, 2020

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE