# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNILOC 2017 LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1075-CFC-SRF |
| | ) | |
| ZENPAYROLL, INC., d/b/a GUSTO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Presently before the court in this patent infringement action is defendant ZenPayroll, Inc. d/b/a Gusto's ("Gusto") partial[1] motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.I. 33)  For the reasons that follow, I recommend that the court GRANT Gusto's motion.

### II.  BACKGROUND

#### a.  Procedural History

On June 10, 2019, plaintiff Uniloc 2017 LLC ("Uniloc") originally filed this action alleging that Gusto infringed two patents, United States Patent Numbers 7,069,293 ("the '293 patent") and 6,324,578 ("the '578 patent") (collectively, the "patents-in-suit").  (D.I. 1 at ¶¶ 4–26)  Gusto moved to dismiss Uniloc's complaint on August 6, 2019.  (D.I. 9)  In response, Uniloc filed an amended complaint on August 20, 2019.  (D.I. 14)  Gusto filed a motion to

---

[1] Gusto seeks dismissal with prejudice of Uniloc's direct infringement claims related to the '293 patent and claims 20, 22, 24, 35, 37, and 39 of the '578 patent, which have been invalidated by a sister court.  *See* section IV.b, *infra*. (D.I. 34)

partially[2] dismiss the amended complaint on September 3, 2019, which the court recommended granting.  *Uniloc 2017 LLC v. ZenPayroll Inc.*, C.A. No. 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020)

On August 24, 2020, Uniloc notified the court that it would seek leave to file a second amended complaint, in which it would address all of the concerns raised by Gusto's motion to dismiss (D.I. 16) and the court's Report and Recommendation.  (D.I. 30)  On August 27, 2020, in light of Uniloc's letter, the court adopted the disposition recommended in the Report and Recommendation, granted Gusto's motion, and granted Uniloc leave to file another amended complaint.  *Uniloc 2017 LLC v. Zen Payroll, Inc.*, C.A. 19-1075-CFC-SRF, 2020 WL 5077416 (D. Del. Aug. 27, 2020).  On September 11, 2020, Uniloc filed its second amended complaint ("the SAC").  (D.I. 32)  On September 25, 2020, Gusto filed the present motion to dismiss the SAC for failure to state a claim, which has been fully briefed.[3]  (D.I. 33)

### b.  Facts[4]

Uniloc owns the patents-in-suit by assignment, which "relate[] to network management in general and in particular to application program management on a computer network."  (D.I. 32

---

[2] Gusto moved to dismiss Uniloc's claims of direct infringement of the '293 patent and contributory infringement of the '578 patent.  (D.I. 17 at 1)

[3] The briefing for the present motion is as follows: Gusto's opening brief (D.I. 34), Uniloc's answering brief (D.I. 35), and Gusto's reply brief (D.I. 37).  Uniloc also filed a notice of subsequent authority, *Uniloc 2017 LLC v. Google LLC*, 2020 WL 7626430 (N.D. Cal. Dec. 22, 2020), in support of its opposition to Gusto's motion.  (D.I. 41, Ex. A)  The court held that Uniloc lacked standing to bring the patent infringement suit and, therefore, dismissed the case for lack of subject matter jurisdiction.  *Uniloc*, 2020 WL 7626430, at *12–13.

[4] The facts in this section are based upon allegations in the SAC, which the court accepts as true for the purposes of the present motion to dismiss.  *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).  The SAC incorporates by reference the patents-in-suit, which were attached as exhibits to the complaint (D.I. 1, Ex. A–B), and a claim chart for the '578 patent, which was attached as an exhibit to the amended complaint (D.I. 14, Ex. C).  (D.I. 32 at ¶¶ 5, 7–8, 15)

at ¶¶ 5, 15; '293 patent, col. 1:24–25; '578 patent, col. 1:22–24)  "Gusto maintain[s] a network of high-security, access-controlled data centers," which "host[] a platform" where Gusto "provide[s] products and services such as Payroll, Health Benefits, and Human Resources services."  (D.I. 32 at ¶ 6)  Gusto's products and services make up the "Gusto platform."  (*Id.*)  Uniloc alleges that the Gusto platform infringes the patents-in-suit.  (*Id.* at ¶¶ 7, 16)  Gusto has known about the patents-in-suit since, at the latest, May 17, 2017, when it was served with a complaint in a prior patent infringement action in the United States District Court for the Eastern District of Texas.  (*Id.* at ¶¶ 11, 25)

## III.   LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all well pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff.  *See Umland v. Planco Fin. Servs. Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); s*ee also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

### a.   Direct Infringement of the '293 Patent

To survive a 12(b)(6) motion, a complaint alleging direct infringement must contain facts plausibly indicating that a defendant's accused product practices each limitation of the asserted patent because "if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent)." *N. Star Innovations, Inc. v. Micron Tech., Inc.*, Civil Action No. 17–506–LPS–CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017). However, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met," and a patent infringement plaintiff need not "prove its case at the pleading stage." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350  (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335, 1339 (Fed. Cir. 2012)). "The complaint need only 'place the potential infringer on notice of what activity is being accused of infringement.'" *Super Interconnect Techs. LLC v. Sony Corp.*, C.A. No. 18-1737-CFC, 2019 WL 4722677, at *1

(D. Del. Sept. 26, 2019) (quoting *Nalco*, 883 F.3d at 1350)); *see also CAP-XX, Ltd. v. Maxwell*

*Techs., Inc.*, C.A. No. 19-1733-CFC, 2020 WL 2914497, at *2 (D. Del. June 3, 2020) (quoting

*Nalco*, 883 F.3d at 1350).  "To provide notice, a plaintiff must generally do more than assert that

the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging

some facts connecting the allegedly infringing product to the claim elements."  *Boston Sci. Corp.*

*v. Nevro Corp.*, C.A. No. 18-644-CFC, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (emphasis in

original) (citing *SIPCO, LLC v. Streetline, Inc.*, C.A. No. 16-830-RGA, 230 F. Supp. 3d 351, 353

(D. Del. 2017)).

### i. Failure to Plead a Centralized Network Management Server (CMS) and a Target On-Demand Server (TODS)

Gusto argues that the SAC fails to plausibly allege that the Gusto platform practices

every limitation of claim 1 of the '293 patent, which states:

> 1. A method for distribution of application programs to a target on-demand server on a network comprising the following executed on a centralized network management server coupled to the network:
>
> providing an application program to be distributed to the network management server;
>
> specifying a source directory and a target directory for distribution of the application program;
>
> preparing a file packet associated with the application program and including a segment configured to initiate registration operations for the application program at the target on-demand server; and
>
> distributing the file packet to the target on-demand server to make the application program available for use by a user at a client.

('293 patent, col. 21:21–37; D.I. 34 at 3, 4–8)  More specifically, Gusto argues that the SAC fails

to connect the centralized network management server ("CMS") and target on-demand sever

("TODS") elements of the claim language to the accused Gusto platform.  (D.I. 34 at 7)  In

response, Uniloc argues the that SAC contains the required "distributing and specifying steps" to sufficiently state a claim for direct infringement of the '293 patent.  (D.I. 35 at 2–5)  Uniloc's argument fails because it ignores the pleading deficiencies Gusto identifies.

In its prior Report and Recommendation, the court concluded that "the amended complaint parrot[ted] the language of claim 1 of the '293 patent, and the incorporated claim charts d[id] not plausibly demonstrate how Gusto infringes the '293 patent."  *Uniloc 2017*, 2020 WL 4260616, at *5 (citing *DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*,  C.A. No. 19-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020)).  Unlike the amended complaint, the SAC does not incorporate or reference claim charts for the '293 patent.  (*Cf.* D.I. 14 at ¶ 15; D.I. 32 at ¶¶ 14–27)  Although claim charts are not necessarily required to successfully plead direct infringement, the allegations in the SAC suffer similar infirmities as those the court previously identified with respect to the amended complaint.  *See Helios Streaming LLC v. Vudu, Inc.*, C.A. No. 19-1792-CFC-SRF, 2020 WL 3167641, at *1 (D. Del. June 15, 2020) ("[T]he Magistrate Judge's observation that the letter did not include claim charts" does not mean that "claim charts are required."); *see also Indus. Access, Inc. v. Ellie Mae, Inc.*, 2013 WL 12133653, at *5 n.4 (C.D. Cal. Sept. 18, 2013) (noting that "Courts do not require claim charts at the pleading stage").

The parties do not dispute that every step of claim 1 of the '293 patent must be performed on a CMS.  (D.I. 35 at 4; *see also* '293 patent, col. 21:21–25)  Accordingly, the SAC alleges that "[t]he Gusto web applications are distributed to Gusto end users/customers through content delivery networks ('CDNs') that include a [CMS] and a [TODS]."  (*Id.* at ¶ 18)  However, this allegation is conclusory and lacks any plausible facts supporting such a conclusion.  *See DIFF Scale*, 2020 WL 2220031, at *2.  ("[T]he patentee cannot meet its obligation to assert a plausible

claim of direct infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim limitation, and then flatly stating—without more—that Defendants' accused products have or perform such a limitation.") (citing *N. Star Innovations*, 2017 WL 5501489, at *1).

The SAC also concludes, without explanation, that "Gusto's use of a CDN to distribute the Gusto application entails that Gusto provides the Gusto web application to a CMS" and alleges that "the Gusto CMS prepares the 'app.gusto.com' web application." (D.I. 32 at ¶¶ 19, 22) Based on the foregoing allegations, Uniloc argues that the SAC "adequately identifie[s] Gusto's CMS as the server that prepares its cloud-based human capital and financial management services for payroll, benefits, compensation, and HR application program at app.gusto.com." (D.I. 35 at 4 (citing D.I. 32 at ¶¶ 18–19, 22)) These allegations sufficiently identify the accused "application program" as the Gusto platform located at app.gusto.com. (D.I. 32 at ¶¶ 19, 22) However, they do not identify or otherwise plausibly allege that the Gusto platform includes a CMS as required by claim 1 of the '293 patent. (*See id.* at ¶¶ 18–19, 22; '293 patent, col. 21:21–37)

With respect to the TODS, Uniloc avers, without citing allegations in the SAC, that a CDN is "a particular type of network of servers dispersed at geographically different locations."[5] (D.I. 35 at 4–5) Uniloc reasons in its brief, again without citation to the SAC, that "[t]he CDN would require a CMS controlled by Gusto to distribute its applications to the TODS." (*Id.* at 5) In support of its argument, Uniloc purports to describe the means by which "servers and CDN's typically work" without citation to the SAC. (*Id.*) Uniloc concludes that "the claimed distributing and specifying steps are adequately pleaded" in the SAC. (*Id.*) However, Gusto

---

[5] Support for Uniloc's reasoning on this point is not in the pleading itself. (D.I. 35 at 4–6) Instead, Uniloc relies on attorney argument and extraneous Internet articles. (*See id.*)

argues, and the court agrees, that the SAC fails to plausibly allege facts that the accused Gusto

platform includes a CMS and TODS beyond the bare recitation that the alleged CDN comprises

a CMS and TODS.  (D.I. 32 at ¶¶ 14–27; D.I. 34 at 4–7)  Therefore, I recommend that the court

grant Gusto's motion to dismiss Uniloc's claim of direct infringement of the '293 patent.  *See*

*DIFF Scale*, 2020 WL 2220031, at *2 (citing *N. Star Innovations*, 2017 WL 5501489, at *1).

### ii.  Failure to Plead Ownership of or Control Over a Content Delivery Network (CDN)

As an alternative argument for dismissal, Gusto argues that the SAC fails to allege that

Gusto owns or controls the allegedly infringing content delivery networks ("CDNs").  (D.I. 34 at

7–8)  In response, Uniloc argues that the court can infer based on allegations in the SAC that

Gusto controls "the Gusto CMS" and the "Gusto servers" and points out that it is not required to

prove infringement at the pleading stage.  (D.I. 35 at 6–7)

"Direct infringement under § 271(a) occurs where all steps of a claimed method are

performed by or attributable to a single entity."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*,

797 F.3d 1020, 1023 (Fed. Cir. 2015) (internal citations omitted).  Uniloc argues that the court

can infer that Gusto "directs or controls" the CMS and other servers that perform the steps of

claim 1 of the '293 patent based on allegations in the SAC as follows: The accused web

applications "are distributed to Gusto end users/customers through content delivery networks

('CDNs') that include a centralized network management server ('CMS') and a target on-

demand server ('TODS')."  (D.I. 32 at ¶ 18)  "Gusto's use of a CDN to distribute the Gusto

application entails that Gusto provides the Gusto web application to a CMS."  (*Id.* at ¶ 19)  "The

Gusto CMS prepares the [accused] web application program in the form of application content

type packets," and "[t]he Gusto servers provide the Gusto applications . . . to the on-demand

servers." (*Id.* at ¶¶ 22, 24)  However, these allegations do not plausibly state that Gusto controls the allegedly infringing CDN.  *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311, 1315–16 (Fed. Cir. 2010) (noting that companies exist that provide CDNs as a service), *overruled on other grounds by Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Instead, the SAC contains the conclusory allegation that Gusto uses a CDN.  (*See* D.I. 32 at ¶ 19)  Although the SAC alleges that the relevant CMS and servers are "the Gusto CMS" and "the Gusto servers," these are labels and conclusory allegations, not facially plausible factual allegations that Gusto controls the CDN.  (*See id.* at ¶¶ 14–27)

In its answering brief, Uniloc invites the court to "deem the SAC so amended" should the court consider "it necessary to add to the SAC 'Therefore, Gusto controls the CDN'—which Gusto obviously does."  (D.I. 35 at 6)  However, Uniloc fails to explain to the court, with citations to allegations in the SAC, why it is "obvious" that Gusto necessarily controls the CDN based on its alleged control of the CMS and other servers.  (D.I. 35)  Instead, Uniloc relies on materials not mentioned in the SAC[6] and improperly attempts to amend the SAC in an opposition brief.  *See Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).  Therefore, based on this alternative ground, the court recommends granting Gusto's motion to dismiss Uniloc's direct infringement claim of the '293 patent.  *See Akamai*, 797 F.3d at 1023.

---

[6] Uniloc's brief refers to websites not mentioned in the SAC and its counsel's declaration to explain how "CDNs typically work" and concludes that "Gusto obviously" controls the CDN. (D.I. 35 at 5–6 & n.1–2)  The allegations in the SAC that Uniloc does cite (D.I. 32 at ¶¶ 18–20, 22–24) do not, however, meaningfully enhance Uniloc's conclusions.

### b.  Previously Invalidated Claims of the '578 Patent

Gusto argues that claims 20, 22, 24, 35, 37, and 39 of the '578 patent[7] should be dismissed based on collateral estoppel because another district court previously ruled that they were indefinite and, therefore, invalid.[8]  (D.I. 34 at 2, 8–13)  Uniloc does not offer a substantive opposition to Gusto's argument.  (D.I. 35 at 7)  Instead, Uniloc "withdraws claims 20, 22, 24, 35, 37, and 39" of the '578 patent from the case and argues, as a result of its withdrawal, that "Gusto's motion regarding the '578 Patent should be denied as moot."  (*Id.* at 2, 7)  Therefore, the court finds that Gusto's arguments regarding collateral estoppel are unopposed.

The court may decide collateral estoppel on a motion to dismiss under Rule 12(b)(6).  *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010).  The court "may consider 'matters incorporated by reference integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in the record of the case.'"  *Thibault v. Del. Tech. & Cmty. Coll.*, C.A. No. 11-1080-MPT, 2012 WL 2073847, at *2 (D. Del. June 8, 2012) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  Prior judicial opinions are matters of public record and may, therefore, be considered by the court in deciding the present motion to dismiss.  *See M & M Stone*, 388 F. App'x at 162; *Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, 72 F. Supp. 3d 521, 526 (D. Del. 2014).

 On August 16, 2017, Judge Schroeder of the Eastern District of Texas issued a claim construction order in *Uniloc USA, Inc. v. AVG Techs. USA, Inc.*, C.A. No. 2:16-CV-00741-RWS, 2017 WL 3498496 (E.D. Tex. Aug. 16, 2017), which concluded in relevant part that "[c]laims

---

[7] Gusto's opening brief also mentions claim 23 of the '578 patent.  (D.I. 34 at 2, 4)  However, in the substantive argument portion of its opening brief and in its reply brief, Gusto makes no further argument about claim 23.  (D.I. 34 at 8–13; D.I. 37 at 10)  In addition, Uniloc's answering brief does not mention claim 23.  (D.I. 35 at 2, 7)

[8] *See Uniloc USA, Inc. v. AVG Techs. USA, Inc.*, 2017 WL 3498496 (E.D. Tex. Aug. 16, 2017).

20, 22, 24, 35, 37 and 39 of the '578 Patent are indefinite because they fail to inform, with

reasonable certainty, those skilled in the art about the scope of the invention." *Uniloc USA*, 2017

WL 3498496, at *26.[9]  Gusto argues it should not remain exposed to claims of infringement for

the same patent claims another federal district court has already held invalid.  (D.I. 37 at 10)

"[T]he holder of a patent should not be . . . allowed to exact royalties for the use of an idea that is

not in fact patentable or that is beyond the scope of the patent monopoly granted,' such as would

occur where a defendant must defend a suit for infringement of a previously adjudged invalid

patent." *U.S. Ethernet Innovations, LLC v. Texas Instruments Inc.*, 645 F. Appx. 1026, 1029

(Fed. Cir. 2016) (quoting *Blonder-Tongue*, 402 U.S. at 350–51).  Uniloc has effectively

conceded it has no reasonable argument to prevent the relief requested by Gusto.  It offers no

legal support for why the court should find the claims "withdrawn" as opposed to dismissed.

(D.I. 35)  Therefore, the court recommends granting Gusto's motion to dismiss allegations in the

SAC based on claims 20, 22, 24, 35, 37, and 39 of the '578 patent with prejudice.  *See*

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999)

---

[9] On September 28, 2017, Judge Schroeder held that several claims of the patents in issue, including "claims 1–8, 10–39 and 41–46 of the '578, and claims 1, 12 and 17 of the '293 Patent are drawn to ineligible subject matter and, therefore, invalid." *Uniloc USA, Inc. v. ADP, LLC*, 279 F. Supp. 3d 736, 751–52 (E.D. Tex. 2017).  On October 20, 2017, Judge Schroeder entered final judgment in favor of the defendants because all of the asserted patent claims had been ruled invalid as either indefinite under 35 U.S.C. § 112 or as drawn to ineligible subject matter under 35 U.S.C. § 101.  (D.I. 269, *Uniloc USA, Inc. v. ADP, LLC*, C.A. No. 2:16-CV-00741-RWS) Uniloc successfully appealed Judge Schroeder's ruling only with respect to § 101 invalidity but did not appeal Judge Schroeder's indefiniteness ruling.  (*See* D.I. 34, Ex. A at 2–3)  The Federal Circuit "conclude[d] that the district court erred in holding that Claim 1 of the '578 patent is patent ineligible" and "reverse[d] the district court's grant of Appellees' motion to dismiss with respect to the '578 patent and remand[ed] for further proceedings." *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 899 (Fed. Cir. 2019).  In *Uniloc 2017, LLC v. Paychex, Inc.*, 2020 WL 2329474 (D. Mass. May 11, 2020), another federal district court concluded that "Uniloc has committed waiver with respect to [Judge Schroeder's] indefiniteness ruling" because "Uniloc did not challenge" it as an "alternative basis for dismissing" the relevant claims when Uniloc appealed Judge Schroeder's ruling to the Federal Circuit.  *Id.* at *11–12.

("[O]nce the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel.") (quoting *Mendenhall v. Barber–Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994)).[10]

## V.   CONCLUSION

For the foregoing reasons, the court recommends granting the Gusto's motion to dismiss with prejudice.[11]  (D.I. 33)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The objections and responses to the objections are limited to ten (10) pages each.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 27, 2021

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

---

[10] The court's recommendation is consistent with *Uniloc 2017, LLC v. Paychex, Inc.*, 2020 WL 2329474 (D. Mass. May 11, 2020).

[11] This is Uniloc's third attempt to plausibly plead the claims in issue.  (D.I. 1; D.I. 14; D.I. 32)